UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No._____

JOSE JARAMILLO, LUZ DARY )
GIRALDO, and other similarly situated )
individuals, )
 )
        Plaintiffs, )
 )
v. )
 )
JCB CLEANING SYSTEMS INC, JULIO )
CACERES and BLANCA CACERES, )
 )
        Defendants. )
_____)

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

       The Plaintiffs, JOSE JARAMILLO, LUZ DARY GIRALDO, and other similarly situated individuals, sue the Defendants, JCB CLEANING SYSTEMS INC, JULIO CACERES and BLANCA CACERES, and allege:

       1.     This is an action to recover money damages for unpaid minimum wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

       2.     Plaintiffs, JOSE JARAMILLO and LUZ DARY GIRALDO ("Plaintiffs"), are residents of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act.

       3.     Defendants, JCB CLEANING SYSTEMS INC (the "Corporate Defendant"), JULIO CACERES and BLANCA CACERES (the "Individual Defendants") (collectively the "Defendants"), are a Florida Profit corporation and Florida residents, respectively, having their

main place of business in Broward County, Florida, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendants, upon information and belief, live in Palm Beach County, Florida.

4. The Corporate Defendant is an enterprise owned or controlled by the Individual Defendants.

5. The Corporate Defendant is under the administration and control of the Individual Defendants.

### COUNT I: WAGE AND HOUR FEDERAL (FLSA) STATUTORY VIOLATION BY *PLAINTIFFS* AGAINST *THE CORPORATE DEFENDANT*

6. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 5 above as if set out in full herein.

7. This action is brought by Plaintiffs, and those similarly situated, to recover from the Corporate Defendant unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq.

8. 29 U.S.C. § 206(a)(1) states that "an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce . . . ." On July 24, 2007, Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

9. The Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum workweek than those established under the Act. 29 C.F.R. § 541.4.

10. In Florida, the minimum wage from January 1, 2014, through December 31, 2014, was $7.93 per hour; and it was $8.05 per hour from January 1, 2015 until December 31, 2016.

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and from outside of the United States, and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiffs, and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

12. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs, and those similarly situated, were engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a cleaning company with multiple contracts throughout South Florida and, through its business activities, affects interstate commerce. Plaintiffs' work for the Corporate Defendant likewise

affects interstate commerce. Plaintiffs were employed by the Corporate Defendant as cleaning persons for the Corporate Defendant's business.

13. While employed by the Corporate Defendant, Plaintiffs routinely worked approximately 30 hours per week. Plaintiffs were employed as cleaning persons, performing the same or similar duties as that of those other similarly-situated cleaning persons who Plaintiffs observed worked for the Corporate Defendant.

14. The Corporate Defendant paid Plaintiffs approximately the following amounts:

   a. In 2016, the Corporate Defendant paid each Plaintiff approximately $225 per month to clean a Barnes & Noble bookstore in Broward. In 2013-2015, Plaintiffs were each paid $250 to clean the same Barnes & Noble bookstore.

   b. The Corporate Defendant paid each Plaintiff approximately $4.00 for every office they cleaned on a daily basis.

   c. In total, the Corporate Defendant paid each Plaintiff approximately $89.89 per week during the time relevant to this Complaint.

15. The Corporate Defendant never properly compensated Plaintiffs at the minimum wage established by law. Plaintiffs were employed by the Corporate Defendant between October of 2011 through December 31, 2016.

16. Plaintiffs seek to recover unpaid minimum wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint (approximately 155 compensable weeks).

## JOSE JARAMILLO

17. Prior to the completion of discovery and to the best of Plaintiff JOSE JARAMILLO's ("Jaramillo") knowledge, at the time of the filing of this Complaint, Jaramillo's good faith estimate of his unpaid wages is as follows[1]:

   a. **Minimum Wages**

      i. From January 10, 2014, through December 31, 2014 (51 weeks)
         $89.89/ 30 = $2.99 - $7.93 = $4.93 x 30 hours (approximate weekly hours worked) = $148.01 x 51 = **$7,548.51**

      ii. From January 1, 2015, through December 31, 2015 (52 weeks)
         $89.89/ 30 = $2.99 - $8.05 = $5.05 x 30 hours (approximate weekly hours worked) = $151.61 x 52 = **$7,883.72**

      iii. From January 1, 2016, through December 31, 2016 (52 weeks)
         $89.89/ 30 = $2.99 - $8.05 = $5.05 x 30 hours (approximate weekly hours worked) = $151.61 x 52 = **$7,883.72**

   b. **Total Unpaid Wages**: $23,315.95

   c. **Liquidated Damages**: $23,315.95

   d. **Grand Total**: $46,631.90

## LUZ DARY GIRALDO

18. Prior to the completion of discovery and to the best of Plaintiff LUZ DARY GIRALDO's ("Giraldo") knowledge, at the time of the filing of this Complaint, Giraldo's good faith estimate of unpaid wages is as follows:

   a. **Minimum Wages**

      i. From January 10, 2014, through December 31, 2014 (51 weeks)
         $89.89/ 30 = $2.99 - $7.93 = $4.93 x 30 hours (approximate weekly hours worked) = $148.01 x 51 = **$7,548.51**

      ii. From January 1, 2015, through December 31, 2015 (52 weeks)

---

[1] The Corporate Defendant has not paid Plaintiffs for their first month of employment and for their last 15 days of employment. The Plaintiffs reserve their right to amend this Complaint once discovery commences to include counts for unpaid wages under common law and Fla. Stat. § 448.08.

$89.89/ 30 = $2.99 - $8.05 = $5.05 x 30 hours (approximate weekly hours worked) = $151.61 x 52 = **$7,883.72**

  iii. <u>From January 1, 2016, through December 31, 2016 (52 weeks)</u>
$89.89/ 30 = $2.99 - $8.05 = $5.05 x 30 hours (approximate weekly hours worked) = $151.61 x 52 = **$7,883.72**

 b. **<u>Total Unpaid Wages</u>**: $23,315.95

 c. **<u>Liquidated Damages</u>**: $23,315.95

 d. **<u>Grand Total</u>**: $46,631.90

19. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs, and those similarly situated, performed services for the Corporate Defendant but no provision was made by the Corporate Defendant to properly pay them at the correct minimum wage dictated by law. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not properly paid minimum wages.

20. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages and remains owing Plaintiffs, and those similarly situated, these minimum wages since the commencement of Plaintiffs', and those similarly situated employees', employment with the Corporate Defendant as set forth above, and Plaintiffs, and those similarly situated, are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to minimum wage payments.

21. The Corporate Defendant willfully and intentionally refused to pay Plaintiffs minimum wages as required by the laws of the United States as set forth above and remains

owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with the Corporate Defendant as set forth above.

22. The Corporate Defendant willfully and intentionally failed to keep records of all hours worked by Plaintiffs and of all payments made to Plaintiffs pursuant to the Act and the Code of Federal Regulations.

23. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, and those similarly situated, request that this Honorable Court:

A. Enter judgment for Plaintiffs, and others similarly situated, and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## **JURY DEMAND**

Plaintiffs, and those similarly situated demand trial by jury of all issues triable as of right by jury.

## **COUNT II: WAGE AND HOUR FEDERAL (FLSA)**
## **STATUTORY VIOLATION BY *PLAINTIFFS* AGAINST *THE INDIVIDUAL DEFENDANTS***

24. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 23 above as if set out in full herein.

25. At the times mentioned, the Individual Defendants were, and are now, the Officers and Owners of the Corporate Defendant. The Individual Defendants were employers of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the Act in that the Individual Defendants acted directly in the interests of the Corporate Defendant in relation to its employees, including Plaintiffs and others similarly situated. The Individual Defendants had operational control of the business and are jointly and severally liable for Plaintiffs' damages.

26. The Individual Defendants were and are, at all times relevant, persons in control of the Corporate Defendant's financial affairs and could cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

27. The Individual Defendants willfully and intentionally caused Plaintiffs not to receive minimum wages as required by the laws of the United States as set forth above and remain owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with the Corporate Defendant as set forth above.

28. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and those similarly situated, request that this Honorable Court:

A. Enter judgment for Plaintiffs, and others similarly situated, and against the Individual Defendants on the basis of the Individual Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B.   Award Plaintiffs actual damages in the amount shown to be due for unpaid wages, with interest plus reimbursement of expenses; and

C.   Award Plaintiffs an equal amount in double damages/liquidated damages; and

D.   Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E.   Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiffs and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: January 13, 2017.

By: ___/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503.5131
Facsimile: (888) 270.5549